IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LENA MCGINNIS                                                                                           PLAINTIFF

v.                                          CIVIL NO. 06-5145

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                                          DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Lena McGinnis brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on February 17, 2004, alleging an inability to work since June 12, 2003, due to a disorder of the back, anxiety, depression and panic attacks. (Tr. 49-51, 575-577). An administrative hearing was held on October 28, 2005. (Tr. 587-632). Plaintiff was present and represented by counsel.

By written decision dated April 13, 2006, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 16). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

AO72A
(Rev. 8/82)

severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found plaintiff retained the residual functional capacity (RFC) to lift and/or carry no more than fifty pounds frequently. The ALJ determined plaintiff had no further physical limitations. From a mental standpoint, the ALJ determined plaintiff retained the RFC to work where interpersonal contact is routine but superficial, where complexity of tasks is learned by experience with several variables, where judgment is used within limits, and where supervision is little for routine but detailed for non-routine tasks. (Tr. 17). With the help of a vocational expert, the ALJ determined plaintiff could perform other work as a poultry eviscerator and a fast food worker. (Tr. 22).

Plaintiff appealed the decision of the ALJ to the Appeals Council. After reviewing the additional medical evidence submitted by plaintiff, plaintiff's request for review of the hearing decision by the Appeals Council was denied on June 7, 2006. (Tr. 5-8). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties filed appeal briefs and this case is before the undersigned for report and recommendation. (Doc. # 8,9).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only

Case 5:06-cv-05145-JLH   Document 11   Filed 10/11/07   Page 4 of 8 PageID #: 55

if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

After reviewing the record, the undersigned is particularly troubled by the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

We find the ALJ erred in not addressing Dr. Richard Back's opinion that plaintiff's IQ fell between 71-79. (Tr. 287-291). *Swope v. Barnhart*, 436 F.3d 1023, 1024 (8th Cir. 2006)

4

AO72A
(Rev. 8/82)

("Borderline intellectual functioning is a condition defined as an IQ score within the 71-84 range while mental retardation is a score of about 70 or below.")(citations omitted). Plaintiff indicated in the forms she completed when applying for disability that she was in special education classes throughout her formal education. (Tr. 92). She also testified at the hearing that she could read at the third grade level and quit school in the seventh grade because she could not do the work. (Tr. 592-293). This information coupled with Dr. Back's assessment of plaintiff's intellectual functioning should have alerted the ALJ for the need of further evidence regarding her intellectual abilities. The United States Court of Appeals for the Eighth Circuit has held that borderline intellectual functioning represents a significant nonexertional impairment that must be considered by a vocational expert. *See Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir. 1997).

We acknowledge that the ALJ declined to accept all the findings made by Dr. Back. However, the ALJ failed to address Dr. Back's findings regarding plaintiff's intellectual functioning. The record contains no evidence to contradict Dr. Back's opinion and we believe the ALJ should have addressed plaintiff's intellectual functioning when determining plaintiff's RFC. Therefore, remand is necessary so that the ALJ can more fully and fairly develop the record regarding plaintiff's intellectual capabilities.

On remand, we strongly recommend that the ALJ specifically address plaintiff's somatoform disorder.[2] We would point out that both Dr. Back and the non-examining psychologist found plaintiff to have a somatoform disorder. (Tr. 292, 378). In September of 2005, Dr. Alice Martinson also opined that plaintiff exhibited symptom magnification. (Tr. 569).

---

[2] A somatoform disorder is a "mental disturbance [that] causes [her] to believe that [her] physical ailments are more serious than the clinical data would suggest." *Easter v. Bowen,* 867 F.2d 1128, 1129 (8th Cir.1989).

We recommend that the ALJ address interrogatories to plaintiff's treating psychiatrist, Dr. Donald Clay, asking him to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's capabilities during the time period in question. If further development of the record on the issue of plaintiff's mental RFC is necessary, the ALJ may also order a consultative mental exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's mental abilities to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.915.

> With regard to Dr. Back's consultative evaluation, the ALJ also states:
>
> In addition, it is emphasized that the claimant underwent the examination through attorney referral and in connection with an effort to generate evidence for the current appeal. Further, the doctor was presumably paid for the report. Although such evidence is certainly legitimate and deserves due consideration, the context in which it was produced cannot be entirely ignored.

We point out that plaintiff has the burden of proving her entitlement to disability under the Act. We also note that in cases that have come before this court, Dr. Back has been frequently used by the Administration for consultative examinations and we would assume he is paid for those evaluations as well. The court would think that if a physician's integrity were an issue the Administration would not use that physician for consultative evaluations when determining a claimant's application for disability.

We further note that the medical evidence is also somewhat ambiguous with regard to plaintiff's physical limitations and her physical RFC. The ALJ used Dr. Martinson's September 2005 RFC assessment in determining plaintiff's physical capabilities. He also noted that he submitted MRI's to Dr. Martinson to review in March of 2006 and after reviewing this evidence

6

**AO72A**
**(Rev. 8/82)**

Dr. Martinson indicated that her opinion of plaintiff's capabilities had not changed. (Tr. 567). However after reviewing Dr. Martinson's consultative notes[3] and the letter in March of 2006[4] it is unclear whether Dr. Martinson reviewed the October 1, 2004, MRI of plaintiff's spine that reveals possible extreme lateral disc herniation at L5-S1. (Tr. 481, 573). We recommend that the ALJ direct interrogatories to plaintiff's treating/examining physicians inquiring as to the exact physical limitations plaintiff experiences as a result of her impairments and the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). Specifically, the ALJ should request that the above physicians address any postural or manipulative limitations placed on plaintiff.

After acquiring the evidence addressed above, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

---

[3] Dr. Martinson's consultative notes indicate she reviewed a MRI of the cervical spine dated February 9, 2005, and a description of a MRI of her "back" dated August 5, 2003. (Tr. 569).

[4] The evidence provided to Dr. Martinson is not specified with a date.

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of October 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)